UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MANUEL PLAISANCE (#196480)**                                              **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                                    **NO. 10-0070-RET-CN**

<u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, March 1, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MANUEL PLAISANCE (#196480)**                            **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                  **NO. 10-0070-RET-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Burl Cain, Dpty Warden Darrel Vannoy, Dpty Warden Richard Peabody, Lt. Cindy Vannoy, and an unidentified mailroom employee, alleging that his constitutional rights were violated in June, 2009, when an item of his legal mail was accidentally opened in his absence by a mailroom employee who failed to thereafter initial the improperly opened envelope in accordance with prison rules.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion

thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Applying this standard in the instant case, the Court concludes that the plaintiff's claims are frivolous as a matter of law. In his Complaint, the plaintiff alleges that on or about June 8, 2009, an employee in the prison mailroom "accidentally" opened an item of legal mail addressed to the plaintiff from the Clerk of Court for the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The plaintiff asserts that this was done outside of the plaintiff's presence in violation of prison rules. The plaintiff further asserts that the mailroom employee failed to thereafter initial the envelope "in accordance with LSP procedure for 'accidentally opened' legal mail" and that the employee's conduct is part of a continuing "campaign of harrassment [sic] and retaliation against plaintiff." He prays for monetary damages resulting from the defendants' alleged wrongful conduct.

First, although the plaintiff has named James LeBlanc, Burl Cain, Darrel Vannoy, Richard Peabody and Cindy Vannoy as defendants herein, he has failed to make any allegation of personal involvement by these defendants in the events complained of. In this regard, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing the alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the conduct of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that these defendants are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional

violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.  Lozano v. Smith, supra.

In the instant case, the plaintiff has included no factual allegations whatever against defendants Richard LeBlanc, Burl Cain, Darrel Vannoy, Richard Peabody and Cindy Vannoy.  In fact, these defendants are listed only in the Caption of the Complaint, and the plaintiff has failed to suggest that these defendants, as supervisory officials at the prison, were personally involved in screening, opening or delivering the plaintiff's legal mail to him at any time. Accordingly, in the absence of any allegation that these defendants participated personally in the events complained of, it is clear that they are entitled to judgment as a matter of law.

Further, to the extent that the plaintiff's Complaint may be interpreted as asserting that the defendants, by their actions, interfered with the plaintiff's access to the courts, this claim seeks to invoke the provisions of the First Amendment to the United States Constitution.  In this regard, however, in order for the plaintiff to state a violation of his constitutional right to meaningful access to the courts, he must allege that he has suffered some cognizable legal prejudice or detriment as a result of the challenged conduct.  Crowder v. Sinyard, 884 F.2d 804 (5th Cir. 1989), cert. denied, 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990), citing Howland v. Kilquist, 833 F.2d 639 (7th Cir. 1987).  See also Lewis v. Casey, 511 U.S. 1066, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).  In the instant case, the plaintiff has wholly failed to assert that he sustained any legal prejudice as a result of the defendants' conduct.  For example, he has made no allegation as

to what correspondence, pleading or other document was contained in the envelope which was allegedly opened by the unidentified defendant employee or that he encountered any detriment whatever in ongoing or anticipated legal proceedings.  Further, he acknowledges that the envelope and its contents were ultimately delivered to him the day after the correspondence was received at LSP.  Accordingly, he has failed to show any prejudice resulting from the defendants' conduct sufficient to support a claim under § 1983.

In addition, the plaintiff has made no assertion that the unidentified mailroom employee or any other defendant <u>intentionally</u> opened or read the contents of the referenced envelope.  To the contrary, the plaintiff explicitly concedes that the envelope was "accidentally" opened by the mailroom employee.  In this regard, in order to state a cause of action under § 1983, a plaintiff must allege intentional wrongdoing by prison officials which has violated his constitutional rights.  Mere negligence is not sufficient to state a cause of action under this statute.  The due process clause is not implicated by a state official's negligent act causing unintended injury to life, liberty or property.  <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).  Accordingly, in the absence of any allegation of intentional wrongdoing by the defendants, there is no basis for the imposition of liability against them.[1]

Finally, to the extent that the plaintiff suggests that the

---

[1] Nor does the plaintiff's claim that the mailroom employee failed to initial the accidentally opened envelope in accordance with LSP rules or procedures.  Mere violations of state rules or regulations are not actionable under § 1983.  <u>Jackson v. Cain</u>, 864 F.2d 1235 (5th Cir. 1989).

defendants' actions were motivated by retaliatory animus in response to his having filed administrative grievances against prison officials, he has alleged no facts whatever to suggest a retaliatory motive.  In the absence of anything more than a conclusory allegation of retaliation, without factual specificity and without any allegation of "a chronology of events from which retaliation may plausibly be inferred," <u>Woods v. Smith</u>, 60 F.3d 1161 (5th Cir. 1995), <u>quoting</u> <u>Cain v. Lane</u>, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988), it is clear that the accidental opening of his legal mail on June 6, 2010, does not rise to the level of a constitutional violation.

RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous pursuant to 28 U.S.C. § 1915.[2]

Signed in chambers in Baton Rouge, Louisiana, March 1, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] The plaintiff is specifically placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."